UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 24-824 |
| | : | |
| *Appellee,* | : | |
| | : | |
| v. | : | |
| | : | |
| EZHIL KAMALDOSS, | : | August 8, 2024 |
| *Defendant – Appellant.* | : | |

**REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR BAIL PENDING APPEAL**

Defendant-Appellant Ezhil Kamaldoss ("Mr. Kamaldoss") respectfully submits this reply memorandum in further support of his motion for release on bond pending the balance of his appeal.

In its opposition memorandum ("Govt. Br."), the government acknowledges that Mr. Kamaldoss does not present a risk of flight or danger to the community. Govt. Br. at 13 n.2. Therefore, the only question to be resolved at this stage of the proceedings is whether the arguments Mr. Kamaldoss has raised regarding the lawfulness of the warrantless forensic searches of his electronic devices at the border constitute a "substantial question" within the meaning of the Bail Reform Act, 18 U.S.C. § 3143(b).

1

This case could not present a more substantial question than the one at the heart of Mr. Kamaldoss's motion to suppress, which continues to give rise to disparate outcomes among courts across the country at a breakneck pace. Indeed, since the filing of Mr. Kamaldoss's bail motion, two more district courts within this Circuit alone have confronted the same novel question, only to reach different outcomes. One of these courts rejected the very theory that the government advances here in an effort to minimize the merits of Mr. Kamaldoss's motion for bail—*i.e.*, that the good-faith exception precludes suppression of digital evidence seized at the border.

That there is "conflicting circuit precedent" on this question and that this Court has yet to offer "any guidance . . . on searches of digital devices at the border," is undisputable, to use the District Court's own words. GA-27. Since the District Court issued its ruling over two years ago, the legal landscape has only grown more divided as judges have struggled to adapt the border search exception to the prevalence of modern technologies. For these reasons and those articulated in Mr. Kamaldoss's opening brief, Mr. Kamaldoss has presented at least "a 'close' question or one that very well

2

could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (quotation marks and citation omitted); *accord United States v. Cano*, 934 F.3d 1002, 1017 (9th Cir. 2019) (noting that the breadth of the border search exception as applied to a cell phone presents "a close question").

**I. The Good Faith Exception is Inapplicable, or at Least Presents a Close Question, in Light of *Riley v. California***

As Mr. Kamaldoss noted in his opening motion, *Riley v. California*, 573 U.S. 373 (2014), is the seminal Supreme Court case concerning the Fourth Amendment's application to the search and seizure of cell phones. In declining to apply the search incident to arrest doctrine to the search of an arrestee's cell phone, the Supreme Court noted in *Riley* that "[c]ell phones differ in both a quantitative and a qualitative sense from other objects that might be kept on an arrestee's person," and "implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse." 573 U.S. at 393. The same is true of the search of a cell phone or laptop at the border, as distinct from other items that may be found in a traveler's luggage. While the government's opposition relies primarily on the argument that the good faith exception to the warrant requirement

3

precludes suppression based on governing precedent from the Supreme Court and this Court, there is no such precedent that has addressed this issue in the context of a border search following *Riley*. At a minimum, *Riley's* import necessitates a finding of at least a close question as to whether Customs and Border Patrol ("CBP") was acting in good faith in searching Mr. Kamaldoss's electronic devices at JFK on April 23, 2019.

The government also argues that *Riley* does not alter this Court's holding in *United States v. Levy*, 803 F.3d 120 (2d Cir. 2015), which recognizes that CBP has authority to search a traveler's belongings based on reasonable suspicion that the traveler is engaged in criminal activity, even if the crime is not related to safeguarding the border. Govt. Br. at 18 n.5. However, as a district court pointed out in a recent decision that rejected a similar argument, the defendant in *Levy* had returned to the United States for the purpose of facing anticipated criminal charges, which is a different situation than a cell phone seizure to facilitate an early-stage investigation, and this Court was not confronted with the question of "whether the heightened privacy interest in cellphones requires a greater level of suspicion of criminal

4

activity to be reasonable." *United States v. Fox*, No. 23-CR-227 (NGG), 2024 WL 3520767, at *11 (E.D.N.Y. July 24, 2024). Indeed, this Court in *Levy* did not cite or consider *Riley's* import at all. *Levy* is accordingly not dispositive.

## II. Recent Caselaw Underscores the Divergent Approaches Giving Rise to the Substantial Question Presented Here

Two days after Mr. Kamaldoss filed his bail motion, District Judge Garaufis of the Eastern District of New York granted a motion to suppress based on the same issue that underlies Mr. Kamaldoss's appeal—holding, consistent with *Riley*, that the warrantless search of a cell phone at the border violated the Fourth Amendment. *See Fox*, 2024 WL 3520767, at *12. The district court additionally concluded "that there was not binding precedent that authorized the search" so as to justify invocation of the good faith exception. *Id.* at *19. In reviewing the facts that led the court to find the good faith exception inapplicable, Judge Garaufis noted that "[t]he search was also of [the defendant's] phone, a device which the Supreme Court has made clear since *Riley* implicates significant privacy interests and may require a warrant even when an exception to the warrant requirement would otherwise apply." *Id.* at *20.

5

Two days later, District Judge Morrison of the Eastern District of New York held that both manual and forensic searches of cell phones at the border must generally be conducted pursuant to a warrant, declining to adopt the reasonable suspicion standard that the government advocates. *See United States v. Sultanov*, No. 22-CR-149 (NRM), 2024 WL 3520443 (E.D.N.Y. July 24, 2024). The court in *Sultanov* rejected the same argument advanced by the government here (Govt. Br. at 23–24), that *Riley* does not apply to border searches because it concerned the search incident to arrest exception and not the border search exception. The district court noted "that argument fails to account for *Riley's* substantial overlap with the issue presented," as "*Riley* set forth how courts should approach the question of whether an exception to the warrant requirement applies to a category of property that raises extraordinary privacy interests: the vast trove of electronic data on modern cell phones." *Id.* at *22. Judge Morrison also observed that the reasonable suspicion standard, which originated in *Terry v. Ohio*, 392 U.S. 1 (1968), and initially authorized stop-and-frisk encounters, has been "extended to other brief investigative stops" but was inapposite to the "boundless examinations

of devices containing a traveler's most private records, communications, and personal histories." *Id.* at \*23 (quotation marks and citation omitted). Thus, under *Riley*, the court concluded that a warrant is required to conduct the search of a cell phone seized at the border. However, Judge Morrison declined to suppress the evidence in light of the good faith exception. *See id.* at \*27–\*28.

Mr. Kamaldoss respectfully submits that the vastly different outcomes reached by two courts within the same District in a matter of two days is *prima facie* evidence of the substantial question raised by Mr. Kamaldoss's appeal. Moreover, the government's reliance on out-of-Circuit cases that minimized the importance of *Riley* to the question of an electronic border search (Govt. Br. at 23–24), are in tension with both of these recent decisions and with *Riley's* command "that courts should not reflexively apply exceptions to the warrant requirement and should instead decide 'whether to exempt a given type of search from the warrant requirement by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion

7

of legitimate governmental interests.'" *Sultanov*, 2024 WL 3520443, at *17 (quoting *Riley*, 573 U.S. at 385) (internal quotation marks and citation omitted); *see also United States v. Smith*, 673 F. Supp. 3d 381, 394 (S.D.N.Y. 2023) (balancing interests under *Riley* to conclude that "[n]one of the rationales supporting the border search exception justifies applying it to searches of digital information contained on a traveler's cell phone").

The bottom line is that the government should not presume that a heightened showing of reasonable suspicion or even probable cause "is not the natural extension of Supreme Court and this Court's precedent regarding the scope of the border search exception," Govt. Br. at 23, when several courts within this Circuit have disagreed with that proposition. It is difficult for the government to maintain credibly that this case does not at least present a close question, given the state of the caselaw.

For these reasons and those set forth in Mr. Kamaldoss's opening brief, Mr. Kamaldoss respectfully requests that the Court grant his release on bond pending the balance of his appeal.

Respectfully submitted,

*/s/ Brian E. Spears*

Brian E. Spears
Leslie A. Cahill
SPEARS MANNING & MARTINI, LLC
2425 Post Road, Suite 203
Southport, CT 06890
Telephone: (203) 292-9766
Facsimile: (203) 292-9682

*Attorneys for Defendant-Appellant Ezhil Kamaldoss*

# CERTIFICATION

I hereby certify that on August 8, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

>/s/ *Brian E. Spears*
>Brian E. Spears
>Federal Bar No. ct14240
>SPEARS MANNING & MARTINI LLC
>2425 Post Road, Suite 203
>Southport, CT 06890
>Telephone: (203) 292-9766
>Facsimile: (203) 292-9682
>Email: bspears@spearsmanning.com