**SPEARS**
**MANNING**
**MARTINI**

May 7, 2025

**VIA ECF**

Ms. Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** ***United States of America v. Ezhil Kamaldoss***
**Case No. 24-824**

Dear Ms. Wolfe:

This letter is submitted pursuant to Fed. R. App. P. 12.1(b) to provide a further update to the Court and Clerk of an Order entered on Monday, May 5, 2025 by the United States District Court for the Eastern District of New York (Ross, *J.*) regarding the District Court's ruling granting the motion of Defendant-Appellant Ezhil Kamaldoss for a sentence reduction.

In the District Court's May 1, 2025 Memorandum & Order, the District Court stayed its Order granting Mr. Kamaldoss's motion for a sentence reduction for up to seven days to enable the establishment of a release plan that included arrangements for Mr. Kamaldoss to receive necessary medical care.  Doc. 108, Ex. A.  The District Court thereafter issued an amended judgment sentencing Mr. Kamaldoss to time served.  *See* **Exhibit A**, attached hereto.  On May 3, 2025, Mr. Kamaldoss's appointed trial counsel, Robert M. Radick, filed a letter regarding Mr. Kamaldoss's proposed release plan, which is attached hereto as **Exhibit B**.  Following receipt of Attorney Radick's letter, the District Court issued a text Order lifting the stay of its previous order, effective immediately.  *See* **Exhibit C**, attached hereto.

In light of the fact that the stay of Mr. Kamaldoss's release from the custody of the Bureau of Prisons has been lifted, the undersigned respectfully requests that this Court terminate the limited remand to the District Court so that it may decide the issues raised by Mr. Kamaldoss's pending appeal.

Respectfully submitted,

***/s/ Brian E. Spears***

Brian E. Spears

cc: Assistant United States Attorney Robert Pollack (by electronic mail)

# EXHIBIT A

AO 245C (Rev. 09/17) Amended Judgment in a Criminal Case
Sheet 1                                                                                    (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| EZHIL SEZHIAN KAMALDOSS | ) Case Number:   19 CR 543 (ARR) |
| | ) USM Number:   91876-053 |

**Date of Original Judgment:**   3/26/2024
*(Or Date of Last Amended Judgment)*

Robert M. Radick, Esq.
_____
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☑ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One, Two, Three, Four, Five, Six & Ten of the superseding indictment.

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 &<br>21 U.S.C. § 841(b)(2) | CONSPIRACY TO DISTRIBUTE AND POSSESS WITH<br>INTENT TO DISTRIBUTE TRAMADOL, ALPRAZOLAM,<br>AND CARISOPRODOL. | 8/1/2019 | ONE |

The defendant is sentenced as provided in pages 2 through ____7____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   remaining _____   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/1/2025
_____
Date of Imposition of Judgment

/s/ (ARR)
_____
Signature of Judge

Allyne R. Ross, U.S.D.J
_____
Name and Title of Judge

5/1/2025
_____
Date

· AO 245C (Rev. 09/17)    Amended Judgment in a Criminal Case
　　　　Sheet 1A

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __7__

DEFENDANT:  EZHIL SEZHIAN KAMALDOSS
CASE NUMBER:  19 CR 543 (ARR)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(b)(2) | ATTEMPTED DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE 180 PILLS OF TRAMADOL. | 8/29/2018 | TWO |
| 21 U.S.C. § 841(b)(2) | ATTEMPTED DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE TRAMADOL. | 8/29/2018 | THREE |
| 21 U.S.C. § 841(b)(1) | ATTEMPTED DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE TRAMADOL. | 8/29/2018 | FOUR |
| 21 U.S.C. § 841(b)(2) | ATTEMPTED DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE TRAMADOL. | 8/29/2018 | FIVE |
| 21 U.S.C. § 841(b)(2) | ATTEMPTED DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE ALPRAZOLAM. | 8/29/2018 | SIX |
| 18 U.S.C. § 1956(h) | MONEY LAUNDERING CONSPIRACY. | 8/29/2018 | TEN |

. AO 245C (Rev. 09/17)   Amended Judgment in a Criminal Case
　　　　　Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___3___ of ___7___

DEFENDANT:   EZHIL SEZHIAN KAMALDOSS
CASE NUMBER:   19 CR 543 (ARR)

# IMPRISONMENT

　　　　The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

TIME SERVED. On counts 1,2,3,4,5,6, & 10 a term of time served is imposed on each count.

☐　　The court makes the following recommendations to the Bureau of Prisons:

☐　　The defendant is remanded to the custody of the United States Marshal.

☐　　The defendant shall surrender to the United States Marshal for this district:

　　☐　　at _____　　☐　a.m.　☐　p.m.　　on _____ .

　　☐　　as notified by the United States Marshal.

☐　　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐　　before 2 p.m. on _____ .

　　☐　　as notified by the United States Marshal.

　　☐　　as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

at _____   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/17)  Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __7__

DEFENDANT:   EZHIL SEZHIAN KAMALDOSS
CASE NUMBER:   19 CR 543 (ARR)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Two (2) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/17)   Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

|  | Judgment—Page | 5 | of | 7 |

DEFENDANT:    EZHIL SEZHIAN KAMALDOSS
CASE NUMBER:    19 CR 543 (ARR)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.   You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.   You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.   If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.   You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245C (Rev. 09/17)   Amended Judgment in a Criminal Case
　　　　　　Sheet 3D — Supervised Release　　　　　　　　　　　　　　　　　(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___6___ of ___7___

DEFENDANT:   EZHIL SEZHIAN KAMALDOSS
CASE NUMBER:   19 CR 543 (ARR)

# SPECIAL CONDITIONS OF SUPERVISION

1)   Defendant shall cooperate with the U.S. Probation Department in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, the defendant shall provide the U.S. Probation Department with full disclosure of his self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Department

2)   Upon request, the defendant shall provide the U.S. Probation Department with full disclosure of his/her financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Department. The defendant shall cooperate with the Probation Officer in the investigation of his/her financial dealings and shall provide truthful monthly statements of his/her income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Department access to his/her financial information and records.

3)   Defendant shall cooperate with and abide by all instructions of immigration authorities.

4)   If deported/excluded, the defendant may not re-enter the United States illegally.

AO 245C (Rev. 09/17)   Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page _____7_____ of _____7_____

DEFENDANT:   EZHIL SEZHIAN KAMALDOSS
CASE NUMBER:   19 CR 543 (ARR)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 700.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ _____ 0.00 | $ _____ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# EXHIBIT B

## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

rradick@maglaw.com
(212) 880-9558

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
———
RETIRED/PARTNER EMERITUS
PAUL R. GRAND
———
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

May 3, 2025

**By ECF**

The Honorable Allyne R. Ross
United States District Court for the
   Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re:    <u>United States v. Ezhil Kamaldoss</u>, 19 Cr. 543 (ARR)

Dear Judge Ross:

With the consent of the government, I respectfully submit this letter regarding the release plan that the Court required in its order of May 1, 2025 (Docket Entry 323).

Based on information provided by the government, it is the parties' understanding that an immigration detainer is in place as to Mr. Kamaldoss, such that his release from the custody of the Bureau of Prisons ("BOP") will result not in his actual immediate release, but rather his transfer to the custody of Immigration and Customs Enforcement ("ICE") in connection with pending removal proceedings. Further, based on conversations defense counsel has had with Mr. Kamaldoss's immigration attorney B. Alan Seidler, it is defense counsel's understanding that when the detainer is effectuated and Mr. Kamaldoss is taken into ICE custody, he is likely to be detained at either the Clinton County Correctional Facility in McElhattan, Pennsylvania, or the Pike County Correctional Facility in Hawley, Pennsylvania.

Further, after Mr. Kamaldoss has been transferred into ICE custody, defense counsel understands that Mr. Kamaldoss's immigration attorney intends to make a bail application before the immigration judge who will be presiding over Mr. Kamaldoss's removal case. The government has indicated that ICE intends to oppose this bail application, and if bail is denied, Mr. Kamaldoss would presumably remain in ICE custody for the duration of his removal proceedings. However, if the immigration judge grants bail, Mr. Kamaldoss intends to reside at the apartment of his brother Selvam Kamaldoss at 85-45 115th Street in Richmond Hill, New York, which is where the defendant resided without incident while awaiting trial and sentencing in his case before this Court. Regarding medical care, if bail is granted in the immigration case, Mr. Kamaldoss would pursue medical care at the same facilities where he had been receiving care both before and after his arrest

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

The Honorable Allyne R. Ross
May 3, 2025
Page 2

in his criminal case, including North Shore University Hospital in Manhasset, New York; Queens Hospital in Jamica, New York; and Jamaica Hospital in Richmond Hill, New York.

Given that a bail determination as to Mr. Kamaldoss (and thus the determination of his release conditions, if any) will be made by the immigration judge only after Mr. Kamaldoss's federal prison sentence is over and he has been transferred to ICE custody, I respectfully request that the Court not further stay its order of May 1, 2025, but instead order that Mr. Kamaldoss's release from the custody of the BOP take place forthwith. This will serve to advance the immigration issues that inevitably must be addressed, including Mr. Kamaldoss's ability to secure bail during the pendency of his removal case. AUSA Robert Pollack has indicated that, for substantially the same reasons identified herein, the government does not oppose the Court's immediate lifting of the stay contained in its May 1, 2025 order.

Two further points warrant mention. First, subsequent to my re-engagement in this matter, Mr. Kamaldoss was made aware that the granting of his motion for a reduction in sentence was likely to result in his being transferred to immigration custody. Mr. Kamaldoss has also been aware that, if his motion were granted and he were released from BOP custody, his immigration counsel would need to make a bail application before an immigration judge, and that the bail decision in the immigration case will significantly impact the circumstances under which Mr. Kamaldoss obtains medical care. In light of this awareness, Mr. Kamaldoss's decision to continue to pursue his motion for a reduction in sentence was made knowingly, voluntarily, and with a detailed understanding of the potential outcomes.

Second, during a telephone call yesterday, Mr. Kamaldoss informed me that he had just been told to gather his belongings and report to a specific office at FCI Allenwood Low, apparently for transfer to another facility. As events currently stand, neither I nor AUSA Robert Pollack are aware of why Mr. Kamaldoss might have been told he was being transferred (assuming that in fact was the substance of the message conveyed to him), nor are we aware of whether such a transfer actually took place. Regardless, to the extent that Mr. Kamaldoss is currently in BOP custody pursuant to the stay that was part of the Court's order of May 1, 2025, the parties respectfully request that the stay be lifted so that Mr. Kamaldoss's immigration case, and the determination of his bail status in that case, may proceed.

The parties are available to answer any questions the Court may have.

Respectfully submitted,


Robert M. Radick

cc:    Assistant U.S. Attorney Robert Pollack (by ECF and email)

# EXHIBIT C

**From:** ecf_bounces@nyed.uscourts.gov
**Date:** May 5, 2025 at 10:39:41 AM EDT
**To:** nobody@nyed.uscourts.gov
**Subject:** [External] Activity in Case 1:19-cr-00543-ARR USA v. Kamaldoss Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 5/5/2025 at 10:39 AM EDT and filed on 5/5/2025

**Case Name:** USA v. Kamaldoss

**Case Number:** 1:19-cr-00543-ARR

**Filer:**

**Document Number:** No document attached

**Docket Text:**
ORDER as to Ezhil Sezhian Kamaldoss: I have reviewed the release plan set forth by defense counsel, [326], and deemed it adequate. The stay of my previous order, [323], is therefore lifted, effective immediately. Ordered by Judge Allyne R. Ross on 5/5/2025. (CP)

**1:19-cr-00543-ARR-1 Notice has been electronically mailed to:**

Robert M. Radick    rradick@maglaw.com

Lance A. Clarke    LC@HamiltonClarkeLLP.com,

4