**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 21, 2026

By ECF

The Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
for the Second Circuit
The Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: United States v. Kamaldoss
Docket No. 24-824

Dear Ms. Wolfe:

The government respectfully submits this letter pursuant to Fed. R. App. P. 28(j) to direct the Court to its recent decision in *United States v. Alisigwe*, — F.4th —, 2026 WL 2751713 (2d Cir. Sep. 17, 2026), which held that no suspicion is required for government officials to manually search a traveler's cellphone at the border. While Kamaldoss's case involves forensic searches of electronic devices, *Alisigwe* shows this search was lawful.

Joining all the other Circuits to consider the issue, this Court in *Alisigwe* found that *Riley v. California*, 573 U.S. 373 (2014), did not disturb the Circuit's precedent holding that a manual search of a traveler's property at the border is a routine search that requires no suspicion. 2026 WL 2751713, at *8-11. Notably, this Court explained that Supreme Court precedent had required higher levels of suspicion only of border searches of the person, not property, and that balancing tests to determine what is a routine search of property "have no place" in border searches. *Id.* at *7, 9-10. Such reasoning also suggests that a forensic border search of a cellphone would be considered routine. *Id.* at *11 n.9. Further, this Court reiterated its prior holdings that the border search exception is not limited to crimes related to the border but to all criminal offenses, since the government has a strong interest in preventing the entry of unwanted persons or things into the country. 2026 WL 2751713, at *13.

In addition, this Court held that the First Amendment does not impose a separate limitation on the government's authority to conduct a border search of cellphones as such special protection against cellphone border searches would be both over- and underinclusive of speech since government officials could only search cellphones for non-expressive conduct but could

freely search for expressive conduct in any other type of property such as notebooks and diaries. *Id.* at *14-15. Such a novel form of protection would also prevent the government from thwarting the entry of people with ties to terrorism. *Id.* at *15.

For these reasons and those discussed in the government's brief, the Court should affirm.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Amy Busa
Robert M. Pollack
Assistant U.S. Attorneys